UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B., <br><br> Plaintiffs, <br><br> v. <br><br> RADHESHVAR, LLC, d/b/a MOTEL 6, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:24-cv-4039-TWT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff and Defendant held a Rule 26(f) conference on October 23, 2024. The parties hereby submit the following joint preliminary report and discovery plan, pursuant to Local Rule 16.2.

1. **Description of Case:**

    (a) Describe briefly the nature of this action. **This is a civil action under the Federal Trafficking Victims Protection Reauthorization Act (TVPRA) and Georgia nuisance law.**

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    **Plaintiffs allege that they were victims of sex trafficking at Defendant's hotel through the end of October 2014. Plaintiffs further allege that (1) Defendant benefited financially from Plaintiffs' sex trafficking; (2) Defendant (through its employees) helped facilitate Plaintiffs' sex trafficking; (3) Defendant knew or should have known that the hotel was a venue for sex trafficking and other sex crimes; and (4) that Defendant's hotel constituted a nuisance**

**under Georgia law. Defendant denies the allegations asserted against it.**

(c) The legal issues to be tried are as follows: **TVPRA liability, damages, punitive damages, nuisance, attorney's fees and litigation expenses.**

**By Defendant Radheshvar, LLC:**

1. **Whether Defendant "knowingly benefit[ted], financially or by receiving anything of value" from Plaintiffs' traffickers;**

2. **Whether Defendant participated in a venture which it knew or should have known was engaged in sex trafficking as to the Plaintiffs;**

3. **Whether Defendant operated a nuisance hotel;**

4. **Whether Plaintiffs suffered any damages proximately caused by the acts or omissions of other persons or entities, and not Defendant;**

5. **Whether Plaintiffs suffered any damages as a result of acts or omissions by Defendant and, if so, in what amounts;**

6. **Whether any other individual(s) or entity/ies caused or contributed to Plaintiffs' claimed injuries and damages and, if so, the percentage attributable to any such other individual(s) or entity/ies;**

7. **Whether Defendant has acted in bad faith, been stubbornly litigious, or has caused Plaintiffs unnecessary trouble and expense; and**

  8. **Whether any of Defendant's actions or inactions, as supported by the evidence, are sufficient to support Plaintiffs' claims for punitive damages.**

 (d) The cases listed below (include both style and action number) are:

  (1) Pending Related Cases: **H.M. & I.B. v. Radheshvar, LLC, d/b/a Super 8, No. 1:24-cv-4041-TWT (filed Sept. 9, 2024).**

  (2) Previously Adjudicated Related Cases: **None.**

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

 \_\_\_\_\_ (1) Unusually large number of parties (before amendment)
 \_\_\_\_\_ (2) Unusually large number of claims or defenses
 \_\_x\_\_ (3) Factual issues are exceptionally complex
 \_\_\_\_\_ (4) Greater than normal volume of evidence
 \_\_x\_\_ (5) Extended discovery period is needed
 \_\_x\_\_ (6) Problems locating or preserving evidence
 \_\_\_\_\_ (7) Pending parallel investigations or action by government
 \_\_x\_\_ (8) Multiple use of experts
 \_\_\_\_\_ (9) Need for discovery outside United States boundaries
 \_\_\_\_\_(10) Existence of highly technical issues and proof

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs: **Rory A. Weeks**

Defendant Radheshvar, LLC: **Kori E. Wagner; and additional counsel: Tracy A. Gilmore and Marissa H. Merrill**

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

3

\_\_\_\_ Yes     \_\_x\_\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

    (a)   The following persons are necessary parties who have not been joined:
    **For Plaintiffs: None.**

    **For Radheshvar, LLC: Plaintiffs' alleged trafficker(s), who are currently unidentified, and unidentified Johns or buyers.**

    (b)   The following persons are improperly joined as parties: **None.**

    (c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

    (d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

    Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

    (a)   List separately any amendments to the pleadings which the parties anticipate will be necessary: **None at this time, pending the outcome of Defendant's Motion to Strike Certain Paragraphs of the Complaint.**

    (b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is

filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties request that initial disclosures be due 30 days after the filing of the joint preliminary report and discovery plan.**

9. **Request for Scheduling Conference:**

   Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

   **The Parties do not request a scheduling conference with the Court.**

10. **Discovery Period:**

    The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

    Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

    Please state below the subjects on which discovery may be needed:

    **Response**: **The Parties anticipate that discovery will be needed on the following topics, however, the Parties note that this list is not exhaustive and recognize that other topics will likely arise through the normal course of discovery:**

    1. **Plaintiffs' contentions and Defendant's defenses.**
    2. **Identification and location of witnesses, including former employees of the Defendant;**
    3. **The subsequent criminal investigation and prosecution of Plaintiffs' trafficker(s);**

4. **Plaintiffs' trafficker(s)' communications with Plaintiff before and after 2014;**

5. **Plaintiffs' trafficker(s)' use of online advertisement websites used in conjunction with the alleged trafficking of Plaintiffs;**

6. **Plaintiffs' relationships with their trafficker(s) before and after the trafficking alleged in Plaintiffs' Complaint;**

7. **Whether each Plaintiff has sustained damages and if so, to what extent and in what amount;**

8. **Whether each Plaintiff's damages are a result of any act or omission by Defendant, and if so, what those damages are;**

9. **Defendant's knowledge of prior crime at the hotel; and**

10. **The opinions of expert witnesses.**

Other issues may arise as discovery proceeds. Accordingly, these categories are not exhaustive, and the Parties are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.

> If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties request that this case be assigned to an eight-month discovery track for fact discovery. The parties also request that expert disclosures for both Parties be due 30 days after the close of fact discovery; rebuttal-expert disclosures for both Parties be due 30 days after the deadline for expert

7

**disclosures; and that expert discovery end 30 days after the deadline to disclose rebuttal experts.**

11. **Discovery limitation:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

    **None.**

    (b) Is there any party seeking discovery of electronically stored information?

    **Yes, Plaintiffs are seeking electronically stored information from Radheshvar, LLC.**

    **Defendant is also seeking electronically stored information from Plaintiffs. Accordingly, Defendant will work with Plaintiffs to agree on any discovery issues related to electronically stored information.**

12. **Other Orders:**

    What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

    **None.**

13. **Settlement Potential:**

    (a) Lead counsel for parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **October 23, 2024**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

                    **For Plaintiffs**

                    /s/ *Rory A. Weeks*
                    Rory A. Weeks

                    **For Radheshvar, LLC**

                    /s/ *Kori E. Wagner*
                    Kori E. Wagner

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____) A possibility of settlement before discovery.
    (___x__) A possibility of settlement after discovery.
    (_____) A possibility of settlement, but a conference with the judge is needed.
    (_____) No possibility of settlement.

(c) Counsel (  ) do or (X) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **unknown at present.**

(d) The following specific problems have created a hindrance to the settlement of this case: **None.**

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court his _____ day _____, of 20___.

The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

9

Respectfully submitted on October 31, 2024.

| ANDERSEN, TATE & CARR, P.C. | SWIFT, CURRIE, McGHEE & HIERS |
|---|---|
| */s/ Rory A. Weeks* | */s/ Kori E. Wagner* |
| PATRICK J. MCDONOUGH | KORI E. WAGNER |
| Georgia Bar No. 489855 | Georgia Bar No. 155438 |
| pmcdonough@atclawfirm.com | kori.wagner@swiftcurrie.com |
| JONATHAN S. TONGE | MARISSA H. MERRILL |
| Georgia Bar No. 303999 | Georgia Bar No. 216039 |
| jtonge@atclawfirm.com | marissa.merrill@swiftcurrie.com |
| RORY A. WEEKS | TRACY A. GILMORE |
| Georgia Bar No. 113491 | Georgia Bar No. 633193 |
| rweeks@atclawfirm.com | tracy.gilmore@swiftcurrie.com |
| One Sugarloaf Centre | 1420 Peachtree Street, NE |
| 1960 Satellite Boulevard, Suite 4000 | Suite 800 |
| Duluth, GA 30097 | Atlanta, GA 30309 |
| (770) 822-0900 | Telephone | (404) 874-8800 |

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

                                            ANDERSEN, TATE & CARR, P.C.

                                          */s/ Rory A. Weeks*
                                          PATRICK J. MCDONOUGH
                                          Georgia Bar No. 489855
                                          pmcdonough@atclawfirm.com
                                          JONATHAN S. TONGE
                                          Georgia Bar No. 303999
                                          jtonge@atclawfirm.com
                                          RORY A. WEEKS
                                          Georgia Bar No. 113491
                                          rweeks@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

4863-5217-3044, v. 1