UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.M. & I.B., | |
| Plaintiffs, | |
| | CIVIL ACTION FILE |
| v. | |
| | NO. 1:24-CV-4039-TWT |
| RADHESHVAR, LLC, d/b/a MOTEL 6, | |
| Defendant. | |

## PLAINTIFFS' AMENDED 30(B)(6) NOTICE OF DEPOSITION OF RADHESHVAR, LLC, D/B/A MOTEL 6

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Counsel for Plaintiffs will take the videotaped deposition of **DEFEND-ANT RADHESHVAR, LLC, d/b/a MOTEL 6** with respect to the topics set forth below. The deposition will take place on August 13, 2025, at 10:30 a.m., EST., at Swift, Currie, McGhee & Hiers, 1420 Peachtree Street, N.E., Suite 800, Atlanta, Georgia 30309 and be conducted in person. The deposition will be taken under cross-examination before an officer duly authorized to administer oaths, by stenographic and videographic means, and will be taken for discovery, for use at trial, and for all permissible purposes. The oral examination will continue from day to day until completed. Opposing counsel may attend and examine.

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate and fully prepare one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and whom Defendant Radheshvar, LLC will fully prepare to testify regarding the following designated matters and as to such information that is known or reasonably available to Defendant. Plaintiffs reserve the right to seek relief from the Court in the event that the designated deponent is not properly prepared to testify on behalf of Defendant Radheshvar, LLC with respect to each of the identified topics.

## MATTERS OF EXAMINATION

Defendant must designate and produce one or more knowledgeable representative to testify on its behalf regarding the following topics:

1. Defendant's knowledge regarding the creation, existence, retention, location, and/or production of materials produced or requested to be produced in discovery.

2. The methods, procedures, and efforts Defendant took to search for documents, materials, or information responsive to Plaintiffs' discovery requests.

3. The identity, job title, job performance, job descriptions, and contact information of all individuals who worked at Defendant's hotel or were employed by the Defendant from 2009 through 2014, including whether each

such individual still works for or at the hotel.

4.  Defendant's knowledge of all employees, contractors, subcontractors, management companies, service providers, vendors, consultants, or other third-party entities engaged by or on behalf of the corporation from 2009 through 2014, including the identity of such entities, the nature and scope of their duties or services, the terms of their engagement, the duration of their involvement, and any communications, agreements, or oversight relating to their work.

5.  Defendant's policies, procedures, and training programs regarding its room rental and check-in practices since 2009, including any change it has made to such policies, procedures, and training programs.

6.  A comprehensive description of all policies, procedures, and practices related to guest feedback and online reputation management, including:

    a.  All policies, procedures, and practices related to Defendant's review and response process for guest complaints and negative online reviews;

    b.  Defendant's policies, procedures, and practices related to addressing guest concerns; and

    c.  All efforts Defendant has made since 2009 to address and mitigate negative guest feedback.

7. Defendant's knowledge regarding the circumstances surrounding Plaintiffs' sex trafficking that occurred at Defendant's hotel in 2014, including all employee interactions, communications, and/or observations of Plaintiffs, their trafficker, the men who had sex with Plaintiffs, or the responding officers.

8. Defendant's policies, procedures, and training programs related to crime prevention and deterrence since 2009. This may include:

   a. All compliance, safety, training, and operational policies and procedures related to prostitution or sex trafficking awareness, identification, and prevention;

   b. All employee training programs, education initiatives, or awareness campaigns related to prostitution or sex trafficking identification and prevention;

   c. All policies and procedures related to reporting suspected instances of prostitution, sex trafficking, or other crimes, including internal reporting mechanisms and protocols for contacting law enforcement or other relevant authorities;

   d. A complete and thorough description of all hiring, training, and supervision policies or standards followed by Defendant with its employees as they relate to guest safety or crime deterrence;

e.  All oversight mechanisms in place to ensure compliance with relevant laws, regulations, industry standards, and internal policies related to prostitution, sex trafficking, or crime prevention, including training requirements for employees and managers;

f.  All actions taken by Defendant to deter or prevent criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at Defendant's hotel and its premises;

g.  All partnerships or collaborations with external organizations or agencies involved in addressing, preventing, or deterring prostitution, sex trafficking, or other crime; and

h.  A comprehensive description of all security practices implemented at Defendant's hotel, including but not limited to the use of security cameras and security patrols.

9.  Defendant's knowledge of any and all instances of criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at Defendant's hotel and its premises from 2009 to present, including all information known by Defendant regarding each such instance.

10. Defendant's knowledge of the existence and prevalence of prostitution and

sex trafficking in and around the Atlanta area, and whether Defendant be-
lieved or perceived prostitution or sex trafficking to pose a potential risk
at its property.

11. Defendant's knowledge of all individuals who may have knowledge or
serve as a witness to any facts or circumstances relevant to Plaintiffs'
claims against Defendant.

12. The factual basis for each Defense raised in Defendant's Answer to Plain-
tiffs' Complaint.

13. All information and documentation related to Defendant's insurance cov-
erage and policy limits, including all communications with its insurance
company regarding potential insurance coverage for Plaintiffs' claims.

14. All instances from 2009 to present where Defendant has made any report
to any third party, including without limitation law enforcement agencies,
insurance companies, or financial lenders, of any criminal activity occur-
ring at Defendant's hotel and its premises, including sexual assaults, rapes,
commercial sex activity, prostitution, pimping, indecent exposure, sex traf-
ficking or other sex crimes.

15. All investigations Defendant performed related to Plaintiffs' sex traffick-
ing.

16. The profits, expenses, budgets, and financial operation of the Hotel and

Radheshvar, LLC.

## DOCUMENTS

Defendant shall electronically produce the following documents and things noticing counsel at least two (2) business days prior to the date of the deposition:

1. All documents which Defendant reasonably expects it will reference or rely upon when providing testimony regarding the above-referenced scopes.

2. All documents which the company reasonably expects will form the basis for its testimony regarding the above-referenced scopes.

3. All documents requested in Plaintiffs' First Request for Production of Documents and identified in Plaintiffs' First Continuing Interrogatories.

**PLEASE TAKE NOTICE** that if you claim any information, documents, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable, please describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiffs to assess the applicability of the privilege or protection, including the legal and factual basis for withholding the requested discovery.

**PLEASE TAKE NOTICE** that these discovery requests are deemed continuing. Should you in the future discover any information relating to any of the above matters of inquiry, you are required to notify Plaintiffs' counsel of this new or

additional information by way of supplemental discovery responses.

Respectfully submitted on August 6, 2025.

ANDERSEN, TATE & CARR, P.C.

/s/ Jennifer M. Webster
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile